In this case, the Office of Immigration Litigation has opted not to defend the Board's decision. At the same time, Oyl refuses to confess any error on the part of the Board. In Oyl's view, this case should go back to the Board so that the Board can consider, in what Oyl says is the first instance, the issues that we've presented to the Court in our briefing. The problem with that is that the very same issues that we've raised in our briefs were presented to the Board not once but twice. We raised these issues on a direct appeal, both in the notice of appeal and in the brief that we filed. When the Board summarily affirmed the immigration judge's finding of deportability, we not only appealed to this Court, we made a motion to reconsider at the Board. And we explicitly raised the issues that we're raising here at the Board, and the Board said in its decision denying our motion to reconsider that it had considered these issues previously and it declined to revisit them. So it's our view that there — it makes no sense to send this to the Court. And I'm not going to go into the details of that, but I'm going to point out that the 1998 conviction can no longer be a predicate, right, because there was what, voluntary departure was granted or something after that? Cancellation of removal, Your Honor. And this is reflected on page 91 of the record. The immigration judge says in 1999 in El Centro, I granted you relief under 240A. That's cancellation of removal. So the 1998 conviction was taken care of by that. And he comes back and makes that same point on pages 127 of the record. So the issue here is whether the 2003 conviction is one that clearly and convincingly has been shown to relate to a controlled substance, a substance that's controlled under Section 102 of the Controlled Substances Act. And why is that not the case? Well, if you look at the record of conviction, Your Honor, there's absolutely no mention of the drug. Well, there doesn't have to be. It's in the charging document. I mean, I worked in this system for years, and this is standard procedure. You want to know what he pleaded guilty to, what he was convicted of, you look back at the charging document. It's about that. I'm sorry. It's about that simple. It's not that simple, Your Honor. And in fact, on that point, this case is controlled by the Court's recent decision in Martinez-Perez, because you can look at the information in this case, the complaint, but he didn't plead to either of those charges. He, the complaint here, alleges that, makes two counts, a violation of 11378, possession for sale of a controlled substance, and 11379A, transportation of meth. He didn't plead. He pleaded guilty to 11377A. Right. Simple possession of a controlled substance. And it's not a, if you look at. Well, now, is this a lack of proof from the government? That would seem to bracket the crimes that are actually covered by 102A. Are you suggesting the government failed to make the link? Is that what's happening here? Yes. The law on this is clear. The Board ruled in matter of polis, you know, 40 years ago, I think, that where a State regulates, controls a broader array of drugs than Federal law, in order to establish deportability, the government has the burden of establishing not only that there exists a conviction, but that the drug at issue is one that's controlled not only under State law, but under Federal law. Well, count one is possession for sale, 378. Count two is transportation, 11379A. And 11377A is possession. Right. That's what he pleaded guilty to. And you're saying there's insufficient basis here to conclude or to infer that the possession was the drug referred to in the complaint methamphetamine. Exactly. And Martinez-Perez on that point, I think, is controlling. That was an almost identical situation. But if you look at page 142 of the record, I mean, this is sort of a critical document, because the government might have a stronger argument if this were necessarily a lesser included offense. But they didn't circle lesser included or reasonably related. All the government – all that had to be shown under People v. West in order for the criminal court to accept this plea is that the plea, the conviction, was reasonably related to the charges set forth in the document and the information. But to be reasonably related under People v. West, there just has to be what's called a categoric similarity. And by that, I mean that the plea has to relate to drugs. And it clearly does. So under People v. West, the plea that he entered was reasonably related to the charges in the information. But he wasn't convicted of possessing meth. And what's important here, because ultimately what we're doing here is we're – essentially we're applying the modified categorical approach. And under the modified categorical approach, the government is limited to certain – is limited to the record of conviction. And here, the record of conviction that relates to the conviction says nothing about the drug. It's entirely silent about the drug.  Kennedy. If there were a plea agreement that established the drug, they would have been able to introduce that and prove that they would have met the record? There's nothing like that in this record. You can't determine this from this record. That's exactly right. Based on this record, we cannot determine whether Martinez necessarily pled guilty to all the elements of a theft offense. And that's your Martinez-Perez case. Yes. Maybe we ought to hear from the other side. Thank you. Good morning, Your Honors. Lindsay Chichester on behalf of the Attorney General. May it please the Court. Respondents arguing, as we did in our original motion to remand and again in our brief, that this matter should be remanded to the Board for consideration of the question raised regarding Petitioner's Removability. Now, at the immigration judge level, the Petitioner never stated any of these allegations that he made on appeal. He never said this conviction cannot be established under the modified statute. Why do you want to remand it? For it to be considered by the immigration judge and the Board. That, since that issue was never raised there. Well, why couldn't we just go straight out of firm? For fetter to exhaust. And now you didn't carry it, so now you want to go back and reopen, right? Well, he did raise it to the Board, Your Honors, but the Board didn't provide any specific analysis on the issue when it was raised, I guess, for the June 22nd, 2004 decision. Did you go to the Board and ask to reopen? I'm sorry, Your Honor? Did you go to the Board and ask to reopen? Well, in consultation with the Board and DHS, we get the authority as the Attorney General to request remand. That was the method that the Attorney General chose. If a person who was being deported wanted to add to the record and they come here and ask for remand, boy, they don't get a very willing ear, I'll tell you that. And there's nothing I know in the rules and regulations that require us to remand. You're correct. There is nothing that requires it, but this Court does have this discretion to do so. And that's what the Respondent is asking for in this case. Would you like to see a case on the record that said both sides to an immigration appeal can request and the Court will grant remands for additional evidence? Not necessarily, Your Honor. I'm sure of that. And this wasn't cited in our brief, but this issue was raised in another circuit court, if I can. The Wren decision recently in the Seventh Circuit. Well, if you want to cite an additional citation. I'll be happy to provide a 28-J letter on that, Your Honors, after the fact. Well, since you're here today, why don't you get a gum sheet from the deputy clerk and fill out the name of the case and the details and copies for the Court and copies for the other side. Yes, Your Honor. I'd be happy to do that. The Wren decision specifically addressed the issue of whether the under what parameters the circuit courts can grant a government's request to remand. And in that case, what the Seventh Circuit decided, citing favorably a decision out of the Federal Circuit Court, was that when the government requests to remand only in instances where it's made in bad faith or frivolously, should the Court perhaps wait. But it doesn't seem quite cricket, does it, to allow the government to have a second shot when we don't allow the Petitioner? Your Honor, I mean, if the Attorney General wanted to take an extreme measure in this In that section, the Attorney General can certify a case to himself from the Board, thereby eliminating a final decision. But that isn't what the government's asking here. There are other remedies. What the government is asking for here is because this wasn't raised to the immigration judge, and on the Board, when the Board affirmed that opinion, there was no specific analysis provided. Well, put that aside for just a moment. Is there any basis upon which we could affirm the denial of asylum in this case? Well, Your Honor, the Petitioner has asserted, obviously, in his brief, that the categorical approach would be improper. But we don't have any analysis on the modified categorical approach as to whether or not it's been even reviewed. And since it wasn't raised to the immigration judge, the immigration judge didn't have an opportunity to respond to that, nor did the Board fully address the issue. So that Can you fully examine the criminal record? Of what's contained in the administrative record, yes. The criminal record. Only what's been provided by DHS that's in. There's no plea colloquy. That's what I mean. You haven't gone back to the State court, got a certified copy of everything that the clerk has in the file of a criminal case, right? No, Your Honor. So you don't really know yet whether he's – where this drug falls or what the drug falls. Exactly, Your Honor.  This is not something that we're hiding the issue. We just –  Well, and yet the service looks at this, had the time and the resources to examine the State record and didn't do it, right? Your Honor. And that's – it's not your fault, it's not the Attorney General's fault, it's the examiner's fault in the first instance. But the Attorney General is now the Respondent in this case, and it's the Attorney General's request that this go back for consideration. Now, I just want to touch on one issue that the Petitioners raised. Well, before we leave that point, is this request being made as a matter of grace or is there some compelling legal theory under which your request has to be granted? Our request is not necessarily has to, but we're requesting, considering the Supreme Court's decisions in Ventura and in Gonzales v. Thomas, that something that hasn't been decided on the merits on the first instance at the administrative level, that the administrative agency should have the opportunity at first instance to address the issue. Well, sure, but you had that opportunity. That's what I don't understand here. Yes, Your Honor. Well, that goes to the point I was about to make, which is Petitioner's reliance on the August motion to reconsider that he seems to cite regularly. That's not before this Court. I'm sorry, Your Honor. Well, it was still going through the administrative process. This was the defense asserted, and nothing happened. Yes, Your Honor. But his reliance stating that the Board has looked at it once and looked at it twice, that's not necessarily proper before this Court. He didn't appeal the motion to reconsider. The August 26th, 2006, that's not before this Court now. So based upon the record, which under, I believe it's INA 242b4a, we're looking at the record as of the date that things ended. It shall be decided on the administrative record upon which the order of removal is based. And that would end on June 22nd, 2004. So based upon the record as it stands before this Court, this should be remanded to give the Board the opportunity to provide specific analysis on the modified categorical approach which was not raised before the immigration judge. What was raised before the immigration judge? Before the immigration judge, the Petitioner simply claimed that he denied all the allegations and denied his removability. He didn't state the record. He never said before the immigration judge, this record does not establish under the modified categorical approach I'm not in possession of this drug. But he did put you to the burden of proof. I'm sorry? He did put you to the burden of proof. He did deny the allegation. You still carry the burden to convince the ALJ that the government's position is correct. Yes, Your Honor. In all its details. Yes, Your Honor. And the IJ concluded that it was methamphetamine that was involved, and that's the end of the story. Yes, Your Honor. That's what the immigration judge did. And I'm going to be really surprised if it's not methamphetamine, but. Yes, Your Honor. But at this point, nobody's bothered to look. I can't speak, rather, to the Department of Homeland Security, and which we've spoken to may have, but I have not been informed, nor has the Attorney General's office been informed of anything. But you're relying on Ventura for the proposition that we have to remand. Well, we're requesting that the Court, in its discretion, remand. We understand that it is not a mandatory remand. All right. Okay. If the Court has nothing further. Thank you. I'd like to respond directly to the allegations that the government makes that really this wasn't put squarely before anybody until the motion for reconsideration, and that's not here on appeal. That is absolutely false. I mean, for starters, in front of the immigration judge, and this is on page 110, pleadings were taken. The allegations were denied. And on page 110, this is lines 24 and 25, the Petitioner's lawyer at the time said, with regard to the allegations that he's deportable, Your Honor, we deny those as a matter of burden of proof. He's basically asking the judge to see if the government's going to meet their burden of proof. And then on page 112, the judge says to the government and lets them know, you have not alerted me as to what the substance is, so you're going to have to prove that that's a controlled substance, as defined in section 102 of the Controlled Substances Act. And then they came forward with what? They came forward with the documents that are in the record that begin here on page 141. The government, the judge, based on those documents, made the finding that they had demonstrated by clear, convincing and unequivocal evidence that he's deportable. And it was methamphetamine. Well, actually, he didn't he said he mentions meth because the first conviction is meth. But then he goes on to say that he makes he says that any substance controlled under section 11377A is necessarily one that's controlled under Federal law. He says that in the transcript. I don't have the page cite ready for you, but I can get that. Then we appealed. And in our notice of appeal, we specifically raised this issue. In the notice of appeal, and this is on page 63, and it carries over onto page 65. On page 65, we make this argument that there's not clear and convincing evidence of what the drug is. That's the whole that's all that's set forth there on page 65. And then in the brief that's filed, and this is on page begins on page 28, it's a nine-page brief that's all about the fact that there's no evidence as to what the drug was. The board rules against us. We appealed, but we didn't want to litigate this case because we know, like they know, that the board was wrong. So we made a motion to reconsider, a lengthy motion to reconsider, where we made these exact same claims. The motion that we made to the board is almost identical to the brief we filed in this court. The board rejected it. This issue has been presented to the board twice. Kennedy. If you look beneath the issues as presented in this case to determine what the substance was? No, Your Honor. I haven't, because I'm focused on the administrative record. And the issue here is whether the government met its burden. And it's So what are you asking us to do? To find that the government failed to meet its burden of proof. And then do what? Then send it back. The board would have to terminate these proceedings in our view. If you want us to overrule the removal order, probably. Of course. Yes. Can we do that? Of course you can. If there's not clear and convincing evidence in this record that the drug was meth, and it's not, again, under the modified categorical approach, we're not looking at his conduct. We may all think that it was meth. The issue here, though, is what was he convicted of. And if the record of conviction doesn't unequivocally demonstrate that it's meth, under the modified categorical approach, this Court has to hold the government met its, failed to meet its burden. Counsel, sorry. What's the vice under the Ventura rubric of sending it back for further proceedings? Ventura has nothing to do with this case. In Ventura, the issue was one that the board had not addressed. That was whether conditions had changed. And because the board had found no past persecution, they never got to that issue about whether conditions had changed. Here, this issue was brought to the board's attention twice. And when we raised it in the motion to reconsider, the board said, we have already addressed these issues. We decline to revisit them. Does this, if we deny the, I mean, we grant your petition and dismiss the appeal, does this then bar the government from going back and starting at square one? Yes. There would be a res judicata effect with regard to the charge that was brought in this. And that would apply to the civil res judicata. Yes. Doctrines apply in these proceedings. Correct. Okay. I just want to comment very briefly. Let me ask you one other question. Yes, sir. We'll give you time. What, from your point of view, should be the standard that we would apply to the government's request for amendment at this point? It should be the same for both sides, Your Honor. I mean, I've looked at that Wren case. And that case is very different because that case involved an unopposed motion for remand where the issue was the government was asking that the case go back. It was an asylum claim. And they were asking that it go back for consideration of current country conditions, something that the board necessarily could not have considered. I mean, here, it's patently unfair for us to have to litigate this over and over again at the board. We have to appeal to the Ninth Circuit. These clients don't have any money, for the most part. We get to the Ninth Circuit. We know they're wrong. They know they're wrong. And then they could pull the rug out from under us when we're about to get a ruling on the merits. It's not right. At some point, these cases have to end. And it's not right for the government to simply ask for remand without confessing error. That's the basic problem, is they can – what they're doing is they're saying they know that the board was wrong. They know that. But the board won't allow them to confess error. And so we're in this ridiculous predicament. The Court should just rule that they're wrong, or they should step up to the plate and say the board was wrong. Anything further, counsel? Just one point, Your Honor. On that Wren case, I agree that the Attorney General is the Respondent in this case, but the Attorney General is not the decision-maker. In this case, the board was the decision-maker. The Attorney General has delegated his authority to decide these cases to the board. And it's true that if the Attorney General certifies a case to himself, he can step in and make decisions for the board. But he hasn't done that here. In this particular procedural posture, he's nothing more than counsel to the board. And the board is not saying that the decision is wrong. The board is not – has not sua sponte reopened this case. So this case is properly before the Court. Thank you. Okay. You have an equal access to justice application notice to us that you intend, when this is over, if you prevail, to make claim. Are you an independent attorney? Are you working with a law firm? I have my own firm, Your Honor. This is a – excuse me now. Sorry. Are you working with any organization that is generally interested in immigration where your fees are being paid otherwise? This is a pro bono case. Okay. Twenty-five percent of my cases that I handle in this Court are probably pro bono. And this is one of those. Thank you, counsel. We have a question for Government counsel. If you don't mind coming back to the lectern again. Mr. Justice. Justice Trott. Counsel has just indicated to us that you have misrepresented the record in its entirety regarding whether this issue was brought up and how it was handled below. Your response to that is what? My response to that is that is not correct, Your Honor. What I said was he did not raise the modified categorical approach, which is the basis for his appeal, which is the argument that he made to the board. That was not presented to the immigration judge. What he's stating is that he questions his removability, and he did place the burden on DHS. And did they raise the issue of what the substance was that's involved in this case? The immigration judge stated that it was methamphetamine, but there was no analysis as to that. Was that raised by them, though, in front of the immigration judge? What they said was the government or, excuse me, the immigration judge himself said you're going to have to show me what this is. He said that. Okay. And then what happened? Then nothing else was said about it. No more complaints were made. The immigration judge declares it methamphetamines after all the documents are submitted, but there's no discussion as to any – there's no – I guess what I should say is there was no objection saying this record doesn't prove it's methamphetamine. We're going to take a close look at the record. What about this passage on page 112 that was referred to by counsel? Page 112, Your Honor? Lines 16, 17, 18. You have not alerted me as to what the substance is, so you'll have to prove. That's the citation I was just stating, Your Honor, that the immigration judge raised the issue as that it would have to be proven, but the Petitioner didn't make that case. But isn't it – And I'm sorry if I misspoke or my position was unclear. You're saying that this doesn't raise the issue here? I'm saying the Petitioner didn't raise the issue. Should that be significant? He's denying everything. He did deny it, yes, but he didn't – Do your burden of proof, then. You've got to show what the substance is. Yes, but he didn't – I mean, I'm sorry if I misstated, Your Honor, and I don't mean to misrepresent the record in any way. But what I was saying is he didn't raise the modified categorical approach argument to the immigration judge after the immigration judge had started to make a decision that it was methamphetamines that were added to the documents. Why couldn't he rely on that passage from the IJ, lines 16 through 19? I guess that could be a reasonable reading, Your Honor. That was not the reading that we took. And I apologize if the Court – Why was the motion for reconsideration turned down? Because we've already looked at this? That was the Board's statement. But as I stated earlier, based upon the – You've got to be careful not to create impressions that are misleading regarding the record. Yes, Your Honor. And I apologize if I made that impression and I did not mean to make any misstatements in the record. Thank you, counsel. The case just argued will be submitted for decision. And we will hear argument in Lowery v. Scherriro.
judges: Beezer, O'scannlain, Trott